IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAPITAL C CONSULTING LLC,

    Plaintiff,

  v.                                                      Civil Action 2:17-cv-991
                                                          Judge Michael H. Watson
                                                          Magistrate Judge Jolson

OHIO CARE + WELLNESS LLC,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Exhibits Under Seal and to Restrict Access and Redact Document. (Doc. 5). More specifically, Plaintiff seeks to file Exhibits 5 and 6 of the Verified Complaint for Injunctive and Declaratory Relief (Docs. 1-5, 1-6), and the Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2), under seal. (*Id.*). Consistent with its Motion, Plaintiff provided the documents in question to the Court (as well as opposing counsel) for *in camera* review. For the reasons that follow, that Motion is **DENIED without prejudice**.

**I.    STANDARD**

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court

record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

## II. DISCUSSION

The Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* provides guidance for analyzing Plaintiff's Motion. There, "[n]umerous court filings," including Plaintiffs' amended complaint, the motion for class certification, and 194 exhibits, were filed under seal. *Graiser v. Visionworks of Am., Inc.*, No. 1:15-CV-2306, 2016 WL 3597718, at *1 (N.D. Ohio July 5, 2016). The sole justification was that the filings "contained materials designated as confidential under [a joint] protective order." *Id.*; *see Shane*, 825 F.3d 299 at 306. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Id.*

Here, Plaintiff seeks leave to file two exhibits and the Motion for a Temporary Restraining Order under seal. (*See* Doc. 5). In support of the Motion, Plaintiff states only that it "requests leave because the information contained in the redacted portions of those documents is or may be confidential, proprietary, and/or trade secret." (*Id.*). As was the case in *Shane*, this

explanation is similarly "brief" and "perfunctory," and does not meet the heavy burden to justify sealing at the adjudication stage. *Shane*, 825 F.3d at 306. The *Shane* Court also emphasized that, "[i]n delineating the injury to be prevented, specificity is essential." *Id.* at 307-08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Plaintiff's explanation, based only on the general assertion that the documents may be confidential or considered trade secrets, does not "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id.* at 308; *see Blasi v. United Debt Servs., LLC*, No. 2:14-CV-83, 2016 WL 3765539, at *1 (S.D. Ohio July 14, 2016) (applying *Shane* to reach a similar conclusion); *Graiser*, 2016 WL 3597718, at *2 (N.D. Ohio July 5, 2016) (same). Further, it appears from the Verified Complaint that the information Plaintiff seeks to place under seal is publicly available. (Doc. 1 at 12–13).

Plaintiff's Motion for Leave to File Exhibits Under Seal and to Restrict Access and Redact Document (Doc. 5) is therefore **DENIED without prejudice to re-filing**. The redacted version of the Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2), as well as the redacted exhibits (Docs. 1-5, 1-6) shall remain on the docket for fourteen (14) days from the date of this Order, during which time Plaintiff may re-file a more detailed and narrowly tailored motion to seal. *See Blasi*, 2016 WL 3765539, at *1 (noting that a proper motion to seal must "demonstrate[] a compelling reason for filing under seal, . . . must be narrowly tailored to serve that reason," and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations").

IT IS SO ORDERED.

Date: November 15, 2017     /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE